[No. 10520. Department Two. November 20, 1912.]

F. G. LARKIN, *Respondent*, v. HANS PEDERSON *et al.*,
*Appellants.*[1]

SALES—ACTION FOR PRICE—PAYMENT—EVIDENCE—SUFFICIENCY. In an action for a balance due from two partners for electrical equipment to be used in four city contracts, upon the allegation that the partnership had extended to all the contracts, one of the partners cannot escape liability by asserting that the balance was due on the first contract in which he was not interested, where it appears that he fully paid up the first contract, before anything was due on the other three; even if the seller afterwards agreed with him that the payments so made might be applied on the other three contracts provided he in writing guaranteed payment of the balance, which was done.

MUNICIPAL CORPORATIONS—PUBLIC WORK—LIEN FOR SUPPLIES FURNISHED CONTRACTOR. In an action for supplies sold, against city contractors and a bank as their assignee of all moneys due and unpaid on the contract and retained by the city to satisfy liens filed against the contractor's bond, it is error to impress the remaining fund with a lien in favor of the plaintiff, as against the bank, where plaintiff had filed no lien against the same within the time required by law.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered March 25, 1912, upon find-

[1]Reported in 127 Pac. 844.

ings in favor of the plaintiff, in an action on contract. Affirmed in part and reversed in part.

*John W. Roberts*, for appellants.

*Trefethen & Grinstead*, for respondent.

MORRIS, J.—This action was brought against McDonald and Pederson, as partners, to recover the balance due upon equipment used in the installation of cluster lights at Seattle. It is conceded that McDonald had obtained four contracts with the city to install these lights, known as the 18th avenue, Broadway, Pike and Union, and East 45th street contracts. It is admitted by Pederson that he was interested with McDonald in the last three contracts, but denied that he had any interest in the 18th avenue contract. Respondent claims, and brought the action upon the theory of, a balance due upon all four contracts; while Pederson contends the balance unpaid was due upon the 18th avenue contract for which he is not responsible. The bank is made a party under its claim of an assignment of all moneys due and unpaid upon the contract, and retained by the city to satisfy liens filed against the fund, remaining unpaid upon the 18th avenue contract. The court below found in favor of respondent against both Pederson and the bank, and both have appealed.

The issues upon the trial narrowed down to these: Did the partnership extend to the 18th avenue contract, and was full payment made for all material furnished under that contract? The court below decided the last issue in favor of respondent's contention, making it unnecessary to determine the first. Other reasons are given by the court why it found in respondent's favor. They are, however, not material to this inquiry, if its holding is sustained that the 18th avenue contract was fully paid. We have read the testimony and examined the exhibits and we reach the same conclusion as did the court below, that three checks given by Pederson to respondent for the following sums, $2,000, $1,000, and $1,661.30 and aggregating the amount due on the 18th ave-

nue contract, were given and received in full payment for all material furnished under that contract. It is apparent that, at the time these checks were given, nothing was due under any of these four contracts except on that for 18th avenue, and that between the giving of the first and the last of these checks, Pederson also paid respondent $3,788.76, the amount due for material upon the Broadway contract. The last transaction between Larkin and Pederson was on Nov. 25, when Larkin demanded payment of the balance then due upon all the contracts. After some hesitation, Pederson, desiring if possible to reimburse himself for his evident loss on the contracts out of the moneys then retained by the city on the 18th avenue contract, proposed to Larkin to pay the balance then due if Larkin would consent to apply the $4,661.30 already paid on the 18th avenue contract, to the balance then due on the last three contracts; to which Larkin consented, conditioned upon Pederson giving him a written guarantee to pay this balance providing he was unsuccessful in obtaining this amount from the city. Pederson agreed to this condition, gave a check for this balance, less $4,661.30, and gave Larkin a writing reading:

"Providing you fail to get the full amount of $4,661.30 from the 18th avenue contract due the Simplex Electric Company, on said job from Mr. Chas. F. McDonald, I agree to pay you what is lacking, providing claim is properly filed and presented to city of Seattle."

Larkin filed a claim the same day, but it was then a day too late, and the lien for this reason was rejected. The court below gave some regard to this transaction, and seemed to be of the opinion that, irrespective of the previous payment of the balance on the 18th avenue contract, Pederson was bound under this agreement. It is not material to here determine the respective rights and liabilities of the parties under this transaction of November 25. If, as the court below first held, the 18th avenue contract had been paid in full, then there could be no question but that the balance then due was a

liability of Pederson's, as the balance due upon the last three contracts for which his liability was admitted. This would be determining a liability strictly within the issues, and making it unnecessary to determine the effect of this transaction of November 25, or whether Pederson's liability as a partner extended to the 18th avenue contract. If he had voluntarily made the payments on this 18th avenue contract under some unknown arrangement with McDonald, it is unnecessary to determine what that arrangement was, or whether the payments were made by McDonald or by Pederson. The checks were given by Pederson, and whether so given because of an admitted liability, or whether advanced as a loan to McDonald, they were given and received in payment of the indebtedness and ended the transaction.

After the lien claimants were all paid, there remained $2,151.39 in the hands of the city under the 18th avenue contract which was claimed by the bank under its assignment. As against the bank, the judgment recites:

"Said fund so remaining in the hands of the city clerk, amounting to the sum of $2,151.39, shall be paid to the Scandinavian American Bank whenever this judgment (against Pederson) shall be satisfied."

The bank appeals from this part of the judgment, and its appeal must be sustained. Larkin had no lien or claim against this fund, and we know of no law under which this fund could be impressed with a lien in favor of Larkin to secure the payment of his judgment against Pederson. This fund clearly belonged to the bank under its assignment when the court found that the 18th avenue contract had been paid in full, and the judgment should have so directed.

The judgment is affirmed as to Pederson and wife, and reversed as to the Scandinavian American Bank.

Mount, C. J., Chadwick, Ellis, and Fullerton, JJ., concur.